**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

IQTIDAR KHAN PLAINTIFF

v. NO. 4:06CV00381 JLH

SOUTH ARKANSAS PETROLEUM COMPANY, INC. DEFENDANT

## OPINION AND ORDER

Iqtidar Khan commenced this action seeking damages against South Arkansas Petroleum Company, Inc. ("SAPCO"), for malicious prosecution and abuse of process. Khan invoked jurisdiction pursuant to 28 U.S.C. § 1332 because Kahn is a resident of Virginia, SAPCO is an Arkansas corporation, and the amount in controversy exceeds $75,000. SAPCO has counterclaimed. SAPCO has moved for summary judgment on Khan's claims of malicious prosecution and abuse of process. SAPCO's motion is hereby denied with respect to the malicious prosecution claim and granted with respect to the abuse of process claim.

**I.**

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party carries its burden, "the nonmoving party must come forward with

'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting FED. R. CIV. P. 56(e)). A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2552.

**II.**

On August 1, 2002, Khan entered into a lease agreement with SAPCO whereby he agreed to operate a BP convenience store in Brinkley, Arkansas. Khan and SAPCO also entered into a Motor Fuel Supply Agreement whereby Khan agreed to purchase branded motor fuel products from SAPCO to be sold at the BP convenience store. This agreement stated:

> Buyer agrees to pay for said products at time of following delivery. Term is "Load to Load". Payment shall be by electronic funds transfer, unless otherwise specified by Seller. In the event Buyer fails to pay for the products on time, the Seller reserves the right to withdraw such credit immediately. Buyer hereby grants Seller a security interest in all motor fuel products supplied by Seller. Buyer also agrees to put up a Fuels Security deposit in the amount of $10,000.00.

Khan has submitted account statements maintained by SAPCO. These account statements seem to reflect the existence of an open account for gas purchases.

On or about April 22, 2003, SAPCO delivered fuel valued at $10,855.48 to Khan. On or about April 29, 2003, SAPCO delivered fuel valued at $11,238.81 to Khan. At the time of the April 29, 2003, delivery, Khan gave SAPCO a check in the amount of $3,299.32 either for partial payment of the April 22, 2003, charge of $10,855.48 or for payment on the account, or both. On or

about May 5, 2003, SAPCO was informed by its bank that Khan's check for $3,299.32 was being returned because of insufficient funds. After learning about the bad check, James Johnson, President of SAPCO, attempted to contact Khan to discuss the matter. After some initial difficulty, Johnson was able to contact Khan, but Khan refused to discuss the matter or make arrangements to pay for the bad check.

According to SAPCO, on or about May 7, 2003, Johnson discussed the situation with the deputy prosecuting attorney, J. Baxter Sharp, III, for Monroe County. Johnson signed an affidavit for warrant stating the facts as to the bad check written by Khan. SAPCO contends that Johnson made full disclosure of the facts to Sharp, who determined that probable cause existed to believe that Khan had violated the Arkansas Hot Check Law, Ark. Code Ann. § 5-37-301 *et seq*. Khan argues that Johnson did not make a full disclosure of the facts to Sharp or on his affidavit. Khan contends Johnson's omission of material facts induced Sharp to seek a warrant for Khan's arrest for violation of the Arkansas Hot Check Law.

A circuit judge found there was probable cause to arrest Kahn and approved the arrest warrant. Trial was held on these charges in Monroe County on January 31, 2005. The Circuit Court dismissed the charges against Khan as the state failed to meet its burden of proof. The order of dismissal cited *Ridenhour v. State*, 279 Ark. 240, 650 S.W.2d 575 (1983), which held that the Arkansas Hot Check Law does not apply where a party pays a pre-existing debt with a worthless check because nothing of value is procured with the check, whereas the statute prohibits the use of a worthless check to procure something of value.

**III.**

Khan has brought a claim of malicious prosecution against SAPCO. In Arkansas,

> [i]n order to establish a claim for malicious prosecution, a plaintiff must prove the following five elements: (1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages."

*Sundeen v. Kroger*, 355 Ark. 138, 142, 133 S.W.3d 393, 395 (2003) (citing *SAPCO v. Schiesser*, 343 Ark. 492, 495, 36 S.W.3d 317, 319 (2001); *Harold McLaughlin Reliable Truck Brokers, Inc. v. Cox*, 324 Ark. 361, 368, 922 S.W.2d 327, 331 (1996)). Three of these elements are not seriously in dispute. SAPCO did institute a proceeding against Khan, which terminated in favor of Khan, and Khan likely suffered damages as a result.

SAPCO argues first that probable cause existed for the proceeding and that, because SAPCO made a full and complete disclosure of all material facts to the prosecuting attorney, it is entitled to summary judgment on the malicious prosecution claim.

> In the context of a malicious prosecution action, the existence of probable cause is to be determined by the facts and circumstances surrounding the commencement and continuation of the legal proceedings. Probable cause for prosecution must be based upon the existence of facts or credible information that would induce a person of ordinary caution to believe the accused person to be guilty of the crime for which he is charged.

*Sundeen*, 355 Ark. at 143, 133 S.W.3d at 396 (citation omitted). "'Ordinary caution is a standard of reasonableness, which presents an issue for the jury when the proof is in dispute or subject to different interpretations.'" *Cordes v. Outdoor Living Center, Inc.*, 301 Ark. 26, 31, 781 S.W.2d 31, 33 (1989) (quoting *Parker v. Brush*, 276 Ark. 437, 439, 637 S.W.2d 539, 540 (1982)); *see also Wal-Mart Stores, Inc. v. Binns*, 341 Ark. 157, 163, 15 S.W.2d 320, 324 (2000) ("Generally, ordinary caution is a standard of reasonableness and an issue for the jury.").

SAPCO claims that Johnson made a full disclosure of all material facts to Sharp regarding

the "hot check," and that these facts were sufficient to constitute probable cause. Johnson has submitted an affidavit saying that he made full disclosure, and Sharp has submitted two affidavits so stating. However, the Affidavit for Warrant of Arrest executed by Johnson specifically states that the "check was given by the drawer in payment for goods and for services, and *was not given as payment on a pre-existing debt*." (Emphasis added.) While the Court acknowledges SAPCO's argument that it would not have delivered fuel to Khan on April 29, 2003, if Khan had not provided SAPCO with a check, SAPCO also says that the check submitted by Khan on April 29, 2003, was for fuel delivered to Khan by SAPCO on April 22, 2003. Khan argues that the check was for payment on the open account. Either way, the check in dispute was given on April 29, 2003, as payment on a pre-existing debt, a fact that directly contradicts Johnson's affidavit for warrant. Johnson and Sharp say that Johnson told Sharp that the check was payment for a previous delivery, but Johnson's affidavit for warrant says that the check "was not given as payment on a pre-existing debt" and thus contradicts the affidavit he has given in this action, as well as the two affidavits of Sharp. The contradiction between Johnson's affidavit for warrant, which says that the check was not for payment on a pre-existing debt, and the current affidavits of Johnson and Sharp, which state that Johnson told Sharp that the check was payment for an earlier delivery, creates an issue of credibility that must be resolved by the jury. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

SAPCO also argues that summary judgment should be granted in its favor because it did not act with malice. "Malice has been defined as 'any improper or sinister motive for instituting the suit.'" *Sundeen*, 355 Ark. at 147, 133 S.W.3d at 398 (quoting *Cordes*, 301 Ark. at 32, 781 S.W.2d

at 33). Additionally, "malice can be inferred from lack of probable cause." *Id.* (citing *Binns,* 341 Ark. at 163, 15 S.W.3d at 324); *see also Schiesser*, 343 Ark. at 501, 36 S.W.3d at 322; *Cordes*, 301 Ark. at 31, 781 S.W.2d at 33. Here, malice may be potentially inferred from the lack of probable cause should a jury reach that conclusion, particularly in light of the fact that Johnson may have failed to fully disclose the nature of his arrangement with Khan given that the check in dispute was submitted as payment of a pre-existing debt. Therefore, the question of whether SAPCO acted with malice in instituting this proceeding is a genuine issue of material fact to be decided by a jury. SAPCO's motion for summary judgment on Khan's claim of malicious prosecution is therefore denied.

**IV.**

Khan has also brought a claim of abuse of process against SAPCO. In Arkansas,

> [i]n order to prove the tort of abuse of process, [the plaintiff has] to establish the following elements: (1) a legal procedure set in motion in proper form, even with probable cause and ultimate success; (2) the procedure is perverted to accomplish an ulterior purpose for which it was not designed; and (3) a willful act is perpetrated in the use of process which is not proper in the regular conduct of the proceeding. [The Supreme Court of Arkansas] has stated that the test of abuse of process is whether a judicial process is used to extort or coerce. The key to the tort is the improper use of process after its issuance in order to accomplish a purpose for which the process was not designed. Thus, it is the purpose for which the process is used, once issued, that is important in reaching a conclusion.

*Sundeen*, 355 Ark. at 147, 133 S.W.3d at 398-99 (citations omitted). The Supreme Court of Arkansas has further clarified the difference between a claim for malicious prosecution and one for abuse of process, stating that "[i]n an action for malicious prosecution the court concentrates on the facts before the action was commenced, while in an action for abuse of process, the question is whether the use or application of legal process, after it was issued, was one for which it was

designed." *Cordes*, 301 Ark. at 31, 781 S.W.2d at 33.

In support of his argument, Khan points to *Routh Wrecker Service, Inc. v. Washington*, where the court stated that, among other facts, the defendant "allowed the case to proceed" after charges had been filed, and there was therefore substantial evidence to support the jury verdict on the plaintiff's claim for abuse of process. 335 Ark. 232, 239, 980 S.W.2d 240, 243-44 (1998). Khan argues that SAPCO "allowed the criminal process to run its course. [Johnson] could have stopped the process at any point and brought suit in civil court, but he did nothing." However, in *Routh*, there was additional action taken by the defendant after the process had been issued designed to extort or coerce the plaintiff. Specifically, the defendant told the plaintiff's father after the plaintiff's arrest that "all he wanted was his money and he would drop the charges." *Id*., 980 S.W.3d at 243. Such behavior clearly indicates the use of judicial process to extort or coerce the plaintiff to pay the defendant money. Furthermore, this behavior took place after the process had begun – the plaintiff had already been arrested – which is required in order to prevail on a claim for abuse of process.

The court's analysis in *Sundeen* more accurately reflects the facts of this case. There, "Sundeen fail[ed] to point to any facts or evidence he introduced that would . . . indicate[] that [the defendants] did anything after charges were filed against him to extort or coerce. . . . Simply put, Sundeen offered no proof whatsoever of any coercive actions or efforts to extort anything from him. . . ." *Sundeen*, 355 Ark. at 147, 133 S.W.3d at 399. Similarly, Khan has pointed to no facts or evidence that would indicate that SAPCO or Johnson did anything after charges were filed against Khan to extort or coerce money from him. Such facts or evidence of action after charges were filed are required regardless of what Khan alleges Johnson's motive may have been when he initiated the process. Because Khan has offered no proof whatsoever of any coercive actions or efforts to extort

anything from him after the process had begun, he has failed to come forward with specific facts showing that there is a genuine issue for trial. Summary judgment with respect to that claim is therefore granted.

**CONCLUSION**

For the reasons stated in this opinion and order, defendant's motion for summary judgment is granted in part and denied in part. With respect to plaintiff's claim for malicious prosecution, the motion for summary judgment is denied. With respect to plaintiff's claims for abuse of process, the motion for summary judgment is granted. Document #8.

IT IS SO ORDERED this 29th day of January, 2007.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE